FILED
CHARLOTTE, NC

DEC  6 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CV-121-RLV

ELMORE SHIPP, )
                        )
         Plaintiff, )
                        )         **Memorandum and Order**
         v. )
                        )
                        )
ALLIANCE MUTUAL INSURANCE )
COMPANY, )
                        )
         Defendant. )
                        )

**THIS MATTER** is before the Court on Defendant Alliance Mutual Ins. Co.'s ("Alliance

Mutual") Motion to Dismiss pursuant to Rule 12(b)(1) of the Fed. R. Civ. P. (Doc. # 6) and

Memorandum in Support (Doc. # 9); Motion to Dismiss pursuant to Rule 12(b)(6) of the Fed. R.

Civ. P. (Doc. # 7) and Memorandum in Support (Doc. # 10); and Motion to Dismiss pursuant to

Rule 12(b)(7) of the Fed. R. Civ. P. (Doc. # 8) and Memorandum in Support (Doc. # 11). This

matter is ripe for disposition.

## I.     BACKGROUND

The issue before this Court is whether Plaintiff's claims against Defendant should be

dismissed for lack of subject matter jurisdiction, or in the alternative, failure to state a claim upon

which relief can be granted or failure to join a required party under Rule 19 of the Fed. R. Civ. P.

Because the existence of subject matter jurisdiction is a threshold issue, this Court must address

Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) before addressing the merits of the

case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Jones v. Am. Postal

Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

1

The *pro se* Plaintiff filed his Complaint in the Western District of North Carolina on October 29, 2009. (Doc. #2, 1). Plaintiff seeks the Court to order Defendant to compensate him "$2,000.00 for injuries [he] sustain(ed) in an accident on 12-07-08" involving the individual, Mr. Burgin Seagle ("Mr. Seagle"), whom Defendant allegedly insures. (Id.) Plaintiff claims that "it is clear that Mr. Seagle was at fault and it is clearly outlined in the statutes of N.C." (Id.)

Plaintiff's only allegation directed toward Defendant reads, "If an insurance agency fails to meet certain qualifications concerning certain guidelines in the coverage of one of their insurers it is a denial of Equal Protection of the law which is a violation of the 14[th] Amendment of the U.S. Constitution." (Id.)

Defendant filed its Answer and Motions to Dismiss pursuant to Rules 12(b)(1), (6), and (7) on December 7, 2009. (Doc. # 5).

## II.    STANDARD OF REVIEW

Rule 12(b)(1) of the Fed. R. Civ. P. provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). Should a defendant challenge whether the Court has federal subject matter jurisdiction over a plaintiff's claims under Rule12(b)(1), the plaintiff bears the burden of showing that jurisdiction exists. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

"The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

## III.   DISCUSSION

Plaintiff has not met his burden in establishing that federal subject matter jurisdiction exists.  Federal subject matter jurisdiction is created either by a claim arising "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000.00.  See 28 U.S.C. § 1332.

### a.   There is no Federal Question Jurisdiction

Federal question subject matter jurisdiction is created under 28 U.S.C. § 1331 only when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607 (4th Cir. 2002) (internal quotations omitted).

Here, Plaintiff has not made any allegations of a violation of Due Process or Equal Protection other than a conclusory statement that all citizens are provided with the same. Allowing a liberal construction of the Complaint, Plaintiff fails to articulate any aspect of the relationship between the parties, or the application of the insurance contract and coverage determination that could be construed as a violation of either constitutional protection.  Since Plaintiff's right to relief does not depend "on resolution of a substantial question of federal law," federal question jurisdiction does not exist.  Battle, 288 F.3d at 607.

### b.   There is no Diversity Jurisdiction

Diversity subject matter jurisdiction is created only when the matter in controversy exceeds the sum of $75,000.000 and is between citizens of different states.  See 28 U.S.C. §1332; Wisconsin Dep't. of Corrections v. Schacht, 524 U.S. 381, 388 (1998). If any plaintiff and defendant are citizens of the same state, diversity is destroyed and the court lacks diversity

3

subject matter jurisdiction. <u>UMLIC Consol. v. Spectrum Fin. Servs. Corp.</u>, 665 F. Supp. 2d 528, 532 (W.D.N.C. 2009) (citing <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978).

Here, there is neither diversity of citizenship nor an amount in controversy exceeding $75,000.000. First, both Plaintiff and Defendant are citizens of North Carolina. Plaintiff lists his address for the purpose of corresponding with this Court as Lincolnton, NC. (Doc. # 2, 4) Defendant is a corporation organized and existing under the laws of North Carolina with its principal place of business in North Carolina. (Doc. # 5, 1). Second, Plaintiff only seeks $2,000.00 from Defendant, which is less than the requisite threshold amount of $75,000.00. For these reasons, diversity subject matter jurisdiction does not exist.

Since neither federal question jurisdiction nor diversity jurisdiction exist in this case, Plaintiff's claim must be <u>dismissed</u> for lack of subject matter jurisdiction.

## IV.   CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED**.

This the 6th day of December, 2010.

_____
**RICHARD L. VOORHEES**
**U.S. DISTRICT JUDGE**